**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REBECCA WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | **5:18-cv-01467** |
| | ) | |
| v. | ) | |
| | ) | |
| ESCALLATE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

NOW COMES the plaintiff, REBECCA WEATHERS, (hereinafter, "Plaintiff") by and through her undersigned counsel, and for this Class Action Complaint against the defendant, ESCALLATE, LLC, and its present, former, or future, direct and indirect, parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter collectively "Defendant"), alleges as follows:

## INTRODUCTION

1.      Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter, "TCPA") and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "FDCPA").

## PARTIES

2.      Plaintiff, REBECCA WEATHERS, is a citizen of North Carolina.

3.      Defendant, ESCALLATE, LLC, is registered as a limited liability company in Ohio with its principal place of business in Ohio.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiff's TCPA and FDCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically 47 U.S.C. § 227 and 15 U.S.C. § 1692.

5.     This Court has personal jurisdiction over Defendant because it has submitted to Ohio jurisdiction by registering with the Secretary of State to do business in the State of Ohio, and maintaining its principal place of business in the State of Ohio.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## FACTUAL ALLEGATIONS

7.     Defendant has initiated multiple telephone calls to Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff (hereinafter, "the Debt").

8.     The Debt was incurred, if at all, for Plaintiff's personal, family, or household use.

9.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## COUNT I – TCPA

15.     In or around February of 2018, Defendant began placing telephone calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

16.     Specifically, Defendant placed at least forty-three (43) telephone calls to Plaintiff's cellular telephone, including but not limited to on the following dates:

        a.  February 5, 8, 12, 13, 16, 20, and 26 of 2018

        b.  March 2, 7, 12, 15, 19, 23, and 27 of 2018

        c.  April 2, 4, 6, 10, 16, and 27 of 2018

        d.  May 1, 11, 15, 21 and 29 of 2018

17.     Each of the telephone calls initiated to Plaintiff by Defendant were directed to Plaintiff's cellular telephone number.

18.     Many of the telephone calls initiated to Plaintiff by Defendant resulted in a message being left for Plaintiff by Defendant using an artificial voice or recording to deliver a message to Plaintiff.

19.     Specifically, Defendant has left at least twenty-seven (27) messages using an artificial voice or recording, including but not limited to on the following dates:

        a.  February 12, 16, 20, and 26 of 2018

        b.  March 2, 12, 15, 19, 23, and 27 of 2018

      c.  April 2, 4, 6, 10, 16, and 27 of 2018

      d.  May 1, 11, 15, 21 and 29 of 2018

20.     In each of the messages, the recording delivered to Plaintiff by Defendant stated substantially the same message:

> *"We have an important message from Escallate. This is a cell from a debt collector. Please call 844-287-1832. Live agents are available from 9:00 AM to 6:00 PM Monday through Friday, Eastern Standard Time. Again, that number is 844-287-1832"*

21.     On some of the messages, the recording provided the telephone number as 877-237-7787, but the recording was otherwise the same.

22.     Each telephone call placed by Defendant to Plaintiff was made with the use of an automated or predictive dialer.

23.     Each telephone call placed by Defendant to Plaintiff showed on Plaintiff's call log with a caller identification number of 855-435-1082.

24.     Plaintiff did not provide Defendant with her cellular telephone number.

25.     Plaintiff did not consent to the telephone calls initiated by Defendant to Plaintiff's cellular telephone number.

26.     On multiple occasions, including but not limited to on February 13, 16, 20, 26 of 2018, Plaintiff called Defendant to discuss the reason for Defendant's continued calls.

27.     On each of the aforementioned telephone calls initiated by Plaintiff to Defendant, Defendant told Plaintiff that it was attempting to contact someone named Nicholas, to which Plaintiff responded that Defendant had the wrong number and to stop calling her.

28.     Defendant knows that the TCPA prohibits it from initiating telephone calls to any cellular telephones using an automated telephone dialing system or artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

29.    Despite being cognizant of the aforementioned prohibitions imposed upon it by the TCPA, Defendant proceeded to initiate calls to Plaintiff's cellular telephone number without her consent.

30.    Even if the telephone calls that are the subject of this case were not made or initiated by Defendant (i.e., if they were made by some affiliate, subsidiary, or vendor), Defendant approved the use of its name in messages and calls such as the ones at issue, and therefore, should be held liable for such calls.

31.    Plaintiff's privacy has been violated by the aforementioned telephone calls initiated by Defendant to Plaintiff.

32.    Defendant's telephone calls to Plaintiff, as delineated above, constitute a nuisance as they are annoying and harassing.

33.    Upon information and belief, Defendant continues to initiate telephone calls such as those it initiated to Plaintiff and members of the Class, as defined below.

34.    Plaintiff and all members of the Class have been harmed by the acts of Defendant because their privacy has been violated, and they have been subjected to annoying and harassing calls.

## CLASS ACTION ALLEGATIONS

35.    Class Definition.  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings Count I of this case as a class action on behalf of National Classes (collectively referred to as the "Classes") defined as follows:

> a.   All persons in the United States who:  (a) received at least one automated voicemail message, initiated by Defendant and/or  on  Defendant's  behalf;  (b)  on  their  cellular

telephone line; and (c) at any time in the period that begins four years before the date of filing this Complaint to trial.

    b.   All persons in the United States who: (a) received at least one telephone call initiated by Defendant and/or on Defendant's behalf using an automatic telephone dialing system; (b) on their cellular telephone line; and (c) at any time in the period that begins four years before the date of filing this Complaint to trial.

36.   <u>Numerosity</u>.   The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and the Court.

37.   <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a.   Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, initiated any telephone call to any cellular telephone lines using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

    b.   Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, initiated any telephone call to any cellular telephone lines using an automated telephone dialing system

without the prior express consent of the called party.

    c.     Whether Defendant's violations were willful and/or knowing;

    d.     Whether Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

38.    <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

39.    <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

40.    <u>Predominance</u>.  Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

41.    <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for

violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

42.     <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.  Moreover, on information and belief, and based on her experience, Plaintiff alleges that the calls made by Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA and FDCPA;

E.     An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth

herein;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H.      Leave to amend this Complaint to conform to the evidence presented at trial; and

I.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## <u>COUNT II – FDCPA</u>

43.      Plaintiff re-alleges and incorporates by reference paragraphs 1-34 of this complaint as though fully set forth herein.

44.      Despite Plaintiff advising Defendant numerous times that it was calling the wrong number, Defendant continued to place telephone calls to Plaintiff's cellular telephone attempting to collect the Debt.

45.      Despite knowing that Plaintiff did not owe the Debt, Defendant continued to place telephone calls to Plaintiff's cellular telephone attempting to collect the Debt.

46.      In doing so, Defendant was representing to Plaintiff that she owed the Debt.

47.      On multiple occasions, Defendant placed two or more telephone calls to Plaintiff's cellular telephone in a single day.

48.      The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

49.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

  b. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

  c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

WHEREFORE, Plaintiff, REBECCA WEATHERS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a.     All actual compensatory damages suffered;

  b.     Statutory damages of $1,000.00;

  c.     Plaintiff's attorneys' fees and costs;

  d.     Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,
**REBECCA WEATHERS,**
**individually and on behalf of all**
**others similarly situated,**

Dated: June 28, 2018

By:    /s *Mitchel Luxenburg*

Mitchel Luxenburg (Bar # 0071239)
The Law Firm of Mitch Luxenburg
P.O. Box 22282
Beachwood, Ohio 44122
Telephone:     (216) 452-9301
Facsimile:     (866) 551-7791
E-Mail:     mitch@mluxlaw.com

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls or texts, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.